IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | | |
|---|---|---|
| OKSANA MELNYCHENKO And GENOA SENIOR, INC. Plaintiffs, | ) ) ) ) | Case No. 4:21-cv-772 |
| v. | ) ) ) | COMPLAINT |
| ALEJANDRO MAYORKAS, Secretary Of the Department of Homeland Security, U.S. CITIZENSHIP & IMMIGRATION SERVICE, DONNA P. CAMPAGNOLO, Director of the California Service Center, USCIS Defendants | ) ) ) ) ) ) ) ) | |

## INTRODUCTION

1. This is an action brought pursuant to Section 10B of the Administrative Procedures Act, 5 U.S.C. §702, et seq., seeking review and hold unlawful and set aside a decision issued by the Director of the California Service Center (CSC) of the U.S. Citizenship & Immigration Services ("USCIS") in case Number WAC 2110350436 dated February 10, 2021, denying *Genoa Senior Inc's* (Plaintiff) Form I-129 petition for nonimmigrant worker to classify Ms. *Oksana Melnychenko* (Beneficiary) as an E-2 nonimmigrant Treaty Investor under Section 101(a)(15)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(E)(ii), and Section 214.(e) of Title 8, Code of Federal Regulations (CFR).

2. The Plaintiff applicant Ms. *Oksana Melnychenko* is a citizen and national of Ukraine, was born in the now Russian occupied and internationally disputed Crimea Region of Ukraine on February 25, 1980.

3. In February 2014, despite international and United Nations condemnation and resulting United States and European sanctions against Russia, Crimea was forcibly invaded. All Ukrainian citizens of the Region including the Plaintiff, became stateless and under duress were forced to carry Russian passports.

4. The Plaintiff was forced to apply for a Russian passport in order to be able to travel to the occupied and disputed region to visit her elderly parents.

5. Pursuant to the INA, a qualified noncitizen may temporarily enter the United States to "as a Treaty Investor." 8 U.S.C. §§1101(a)(15(E)(ii); 1101(a)(15)(E)(ii).

6. Defendant, U.S. Citizenship & Immigration Service ("USCIS") administers the E-2 Treaty Investor program.

7. Plaintiff filed an E-2 change of status petition with USCIS seeking to change her status from a B-2 non-immigrant visitor to an E-2 Treaty Investor status pursuant to her Ukrainian nationality and Citizenship.  A treaty is in effect between the United States and Ukraine since November 16, 1996.

## JURISIDICTION

8. This is a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. §1101, et seq. and the Administrative Procedures Act, 5 U.S.C. §701, et seq., both laws of the United States.  The original jurisdiction over this matter is vested in this Court by 28 U.S.C. §1331.

## VENUE

9. Pursuant to 28 U.S.C. §1391(e), venue is proper in the Southern District of Texas.  Plaintiff's business is headquartered in Houston, Texas.

## PARTIES

10. The Plaintiff, Genoa Senior, Inc., is a Texas company doing business ass Genoa Assisted Living.  The Plaintiff, Mrs. *Oksana Melnychenko* purchased 51% of the shares of this existing business for $100,000 ($75,000 purchase of majority shares and $25,000 additional capital infusion).

11. The Defendant, United States Citizenship, and Immigration Services (USCIS), a component of the Department of Homeland Security, is an agency within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. §551(1).  USCIS is responsible for the adjudication of immigration benefits, including nonimmigrant visa petitions.

12. Defendant, *Donna P. Campagnolo*, is the Director of the California Service Center.  Among other things, the California Service Center is responsible for adjudicating visa petitions such as the E-2 petition filed by the Plaintiffs.  The Defendants erroneously denied the E-2 Treaty Trader petition which was filed by the Plaintiff and this decision taken by the Defendant which is being challenged in this cause of action was taken by the California Service Center (CSC) in Laguna Niguel, California.  The CSC is the designated USCIS office authorized to receive and adjudicate E-2 petitions for Treaty Investors filed by employers in the state of Texas.   Defendant is sued in her official capacity.

## EXHAUSTION OF REMEDIES

13. Although 8 C.F.R. §214.2(e) provides that denial of a petition for classification under Section 101(a)(15)(E)(ii) of the Immigration and Nationality Act may be appealed to the Administrative Appeals Office under 8 C.F.R. part 103, neither this Act nor the governing regulations provide that such an appeal is a prerequisite for judicial review.  Accordingly, filing such an appeal is not a prerequisite to Plaintiff's action for review under section 10b of the Administrative Procedures Act, *Darby v. Cisneros*, 113 S.Ct. 2539, 2542-45, 125 L. Ed. 2d 113, 61 U.S.L.W. 4679 (1993); *see also, Karen Yuen Fong Young v. Reno*, 114 F.3d 879 (CA9 1997).

## ISSUES PRESENTED

14. Plaintiff's complaint raises the following issues to be decided by this Court:

    a) Whether the Plaintiff is correctly classified as a Russian citizen and national pursuant to the definition of "Treaty Country" as defined in 8 CFR Section 214.2(e)(6)?

    b) Whether or not the Plaintiff is correctly deemed to be a Russian national under the definition of "Treaty Country Nationality" pursuant to 8 CFR Section 214.2(e)(7) as she carries a Russian passport which was issued to her under duress by the occupying Russian forces of her Crimean Region homeland instead of a Ukrainian citizen and national as recognized by the United States Department of State and government and the International community?

    c) Was Defendant's decision denying the Plaintiff's E-2 petition arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law pursuant to 5 U.S.C. §706(2)(A)?

## LEGAL BACKGROUND

15. The E-2 Treaty Investor visa program, codified at 8 U.S.C. §1101(a)(15)(E)(ii), and Section 214 (e) of Title 8, Code of Federal Regulations (CFR), allows certain aliens to enter the United States under and in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national . . .

16. Congress permitted certain foreign citizens and nationals of said foreign state(s) which has an existing treaty of commerce and navigation in effect with the United States to invest in a business in the United States.

17. An E-2 visa is available to:

    a) *An alien…entitled to enter the United States under and pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national. See Section 101(a)(15)(e)(ii),*

18. Turning to USCIS's role in the administration of the E-2 program, other than rendering admissibility determinations required of all visa applicants, Congress delegated two principal tasks to USCIS: determining whether the "Treaty Country" is a foreign state with which a Treaty of Friendship, Commerce, or Navigation or its equivalent exists with the United States. A treaty country includes a foreign state that is accorded treaty privileges under section 101(a)(15)(E). and, whether the prospective investor has the correct "treaty nationality" required, which is the nationality of an individual treaty trader or treaty investor as determined by the authorities of the foreign state of which the alien is a *national* (emphasis added). In the case of an enterprise or organization, ownership must be traced as best as is practicable to the individuals who are ultimately its owners. *See* 8 CFR 214.2(e)(7).

19. Further, the Defendants erroneously rely on a distinguishable case in their adverse decision, *Matter of Ognibene*, 18 I & N Dec. 2497 (Reg. Comm'r 1983), in a situation involving dual national alien non-immigrant, the nationality claimed or established by the non-immigrant at the time of entry into the United States must be regarded, for purposes of section 214 of the Immigration and Nationality Act, as the sole or operative nationality for the duration of the temporary stay in the United States.

## FACTUAL BACKGROUND

20. On January 12, 2021, the Plaintiffs submitted Form I-129, a Petition for Nonimmigrant Treaty Investor on behalf of the Beneficiary, Ms. *Oksana Melnychenko*, a citizen and national of Ukraine through Premium Processing to the USCIS, California Service Center. The Plaintiff requested E-2 change of status from B-2 upon which she entered the United States on August 29, 2020.

21. The alien applicant, Ms. *Oksana Melnychenko* is a native of Crimea, an integral geographic part of Ukraine. She was coerced and forced to apply for a Russian passport to allow her to be able to travel to her native Region of Crimea and see her parents and family members.

22. The Ukrainian citizens of the Crimea Region have been forced to "apply" for Russian passports or they would not be allowed to enter the Russian occupied and internationally disputed region.

23. The Plaintiff applicant, Ms. *Oksana Melnychenko* claims that she is a native and national of Ukraine, and that the Russian passport forced upon her which she used to enter the United States is merely a travel document and does not make her a voluntary Russian citizen and national as she does not claim any allegiance to Russia and never on her own volition applied for a Russian passport. This document was forced upon due to the current geopolitical realities on the ground in her native Crimea Region. The situation is analogous to Palestinians living in the West Bank and Gaza who are not considered to be Israeli citizens and/or nationals but are forced to utilize Israeli passports if they wish to travel internationally. It also is akin to some native American tribes to are forced to utilize U.S. Passports to travel and partake in the International Olympic Games overseas yet refuse to acknowledge being United States Citizens and/or nationals as they feel that they are a sovereign nation.

24. The Plaintiff entered the United States on a Russian passport and accompanying United States B-2 non-immigrant visa and subsequently applied for a change of status to that of E-2 Treaty Investor through her company Genoa Senior, Inc.

25. Defendant issued a receipt bearing case number WAC2110350436 dated January 12, 2021 to reflect that Defendant had received the petition, along with required filing fees.

**26.** On January 21, 2021, the Defendants issued an NOID-Notice of Intent to Deny with a response date of February 23, 2021.

27. On January 28, 2021, Plaintiff responded to the NOID, along with supporting documents for adjudication. In the Plaintiff's response the Plaintiff further elaborated on the interpretation of the definition of "national" within Section 101 (a)(21) the Immigration and Nationality Act ("INA") as a person owing a permanent allegiance to a state.

28. Moreover, the applicant had used her Russian issued passport not as being a dual Ukrainian-Russian citizen and/or national but merely as a travel document to enter the United States. She had previously entered the United States on her Ukrainian passport and B-2 non-immigrant United States visitor's visa on 2012.

29. Plaintiff contends that the denial is a misreading of the law and a misinterpretation of the INA and its definitions in addition a misapplication of administrative case law that is not on point and comport with a proper reading of the Rules and Regulations and/or facts with the case before you.

## CAUSE OF ACTION

30. The decision of the Defendant on Plaintiff's petition for an E-2 nonimmigrant petition Treaty Investor must be based upon the statutory and regulatory definition of treaty country nationality and citizen as well as treaty country. The statue defines treaty country, treaty country nationality and immigrant treaty investor in pertinent part as follows:

    Section 101(a)(15)(E)(ii) of the INA defines a non-immigrant treaty investor as …an alien entitled to enter the United States under an in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national.

    8 CFR Section 214.2(e)(6) defines "treaty country" is for purposes of this section, a foreign state with which a qualifying Treaty of Friendship, Commerce, or Navigation or its equivalent exists with the United States. A treaty country includes a foreign state that is accorded treaty visa privileges under Section 101(a)(15(E) of the Act by specific legislation.

    8 CFR Section 214.2(e)(7) defines treaty nationality country as the nationality of an individual treaty trader or treaty investor is determined by the authorities of the foreign state of which the alien is a national. In the case of an enterprise or organization, ownership must be traced as best as is possible to the individuals who are ultimately owners.

31. The Plaintiff contends that they have met their burden of proof to demonstrate that alien applicant does not hold any allegiance to Russia on her own volition but that her passport was forced upon her through the direct occupation of her native Region of Crimea. The use of the Russian passport to enter the United States on August 29, 2020, was merely utilized as a travel document and does not confer Russian nationality and citizenship on the applicant. She is not a treaty national of Russia. She did not on her own volition accept Russian nationality and citizenship. Upon the unlawful invasion and occupation of her Crimea Region by Russian forces in violation of International law, she was rendered stateless. The United States government and the United Nations have not recognized the unlawful annexation of Crimea and the U.S. and the European Union have imposed sanctions against Russian for their invasion and subsequent annexation.

32. As to the second prong of the second regulatory criterion, 8 CFR Section 214.2(e)(6) defines "treaty country" the plaintiff is not a citizen of Russia, but she is a citizen of Ukraine, a treaty country as that term is defined and commonly understood and interpreted in the INA.

33. As to the third regulatory criterion, 8 CFR Section 214.2(e)(7) defines treaty nationality country as the nationality of an individual treaty trader or treaty investor is determined by the authorities of the foreign state of which the alien is a national. In the case of an enterprise or organization, ownership must be traced as best as is possible to the individuals who are ultimately owners. The foreign state of which the plaintiff is a national and citizen, Ukraine, have also not recognized either de facto or de jure the illegal invasion and annexation of the Crimea Region of her native place of birth as has most of the World including the United States government. For the Service to impose on her "Russian nationality and citizenship" in complete contradiction of the United States State Department and White House policy is clearly non-sensical and illogical. This would

be in direct contravention of the current and previous administration's policies of recognizing Russia's illegal invasion and annexation of the Crimea Region.

34. The Plaintiff also contends that they have met their burden of proof to demonstrate that the applicant's legitimate, true oath of allegiance lies with her native Ukraine and not with the Russian invaders and occupiers.

35. We contend that the Defendant ignored evidence in the record that supports the approval of the instant petition in favor of approval of her E-2 visa change of status.  The Service's misinterpretation or disregard of the evidence in the record and that the Defendant imposed a misapplication of the law and misguided and counterproductive adjudicative standards for E-2 determinations. The administrative case law upon Defendant's decision was arbitrary, capricious, and not according to the law and *Matter of Ognibene*, 18 I & N Dec. 2947 (Reg. Comm'r 1983).

36. The APA empowers this Court to hold unlawful and set aside agency action that is "arbitrary, capricious, and not according to the law.   5 U.S.C. §706(2).

## PRAYER

WHEREFORE, in review of the arguments and authority noted herein, Plaintiff respectfully prays that this Court for the following relief:

1) Assume jurisdiction over this matter.
2) Set aside the decision of Defendant dated February 10, 2021, denying the Plaintiff's petition to classify the Beneficiary as an E-2 nonimmigrant under Section 101(a)(15)(E)(ii) of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(E)(ii), on the grounds that the denial is arbitrary, capricious, and not in accordance with the law.
3) Order USCIS to grant the Petition and the Beneficiary's change of nonimmigrant status.
4) Grant Plaintiff's reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) & 5 U.S.C. §504 et seq; and
5) Grant such relief at law and equity as justice may require.

Respectfully Submitted,

**CALEHR & ASSOCIATES**
Attorneys and Counselors at Law

**/s/ Haroen Calehr**
10301 Northwest Freeway, Suite 311
Houston, Texas 77092
Tel:  713-266-9299
Fax:  713-680-9532
Email:  calehrlawfirm@gmail.com